November Term, 1879.

CASE No. 858.

BEATTIE v. POOL.

1. An action by a creditor to set aside as fraudulent a confession of judgment made by his debtor, is not barred by the statute of limitations, where the creditor for the statutory period has not had notice of facts which go to make up a fraud, but only a suspicion that there was something wrong about it.
2. A judgment confessed for the purpose of defeating other creditors, is fraudulent and void as to them, although based upon a valuable consideration.

Before FRASER, J., Greenville, April, 1879.

The case is fully stated in the Circuit decree, which is as follows:

This case was heard by me at the regular term of the Court of Common Pleas for Greenville county, held by me in April, 1879.

Certain issues of fact involved in the case were submitted to a jury who failed to agree on a verdict.

The case was then, without objection from either side, heard by the court—the evidence submitted to the jury being taken without objection on the trial before the presiding judge.

There was much conflicting testimony. I find, however, that the weight of the evidence is in favor of the following state of facts: On November 11th, 1856, John P. Pool, one of the defendants, gave his note to Amelia Hudson for $1020, with Jordan P. Pool and Peter Cauble as sureties, the consideration of which was slaves. This note was under seal. On this note suit was commenced against all three makers, September 13th, 1866, and the case stood for trial on the issue docket, March 25th, 1867—suit in the name of Esli W. Hudson, administrator. On March 23d, 1867, two days before a trial could have been brought on on the above-described note, a confession of judgment was made by John P. Pool, one of the defendants, to James H. Pool, his son, the other defendant, for the sum of $2000, and interest from March 1st, 1861, and costs. This judgment was founded

on a note dated March 1st, 1861, for $2000, given by John P. Pool to James H. Pool. Some time after this confession of judgment, the first case above-mentioned was "stricken" from the docket, in accordance with a practice which then prevailed in the courts of the Eighth Circuit, in contracts for the purchase of slaves.

Esli W. Hudson died and was succeeded in the administration of Amelia Hudson's estate by Hamlin Beattie, plaintiff in this case. Hamlin Beattie, as administrator *de bonis non*, commenced suit again on the note for $1020, on May 9th, 1874, and obtained judgment for $1679.25 and costs, on June 16th, 1874.

Proceedings were commenced to set aside the confession of John P. Pool to James H. Pool, May 14th, 1875, and either by non-suit or discontinuance came to an end without a trial, February 3d, 1877.

On April 3d, 1877, the tract of land described in the proceedings was sold under the judgment of James H. Pool *v.* John P. Pool, was bid off by and conveyed by the sheriff to James H. Pool.

This action was commenced February 26th, 1878. The costs of the first action having been paid since the commencement of this, it was held that this case could proceed.

The complaint charges fraud in the note and confession of judgment made thereon. The answers deny the fraud and plead the statute of limitations. It is unfortunate that this note could not be produced on the trial; and it would have been better if the incapacity of John P. Pool for coming to court and giving his testimony had been more clearly established.

The consideration of the note for $2000 was as follows: James H. Pool, then a minor, had, for some years, been allowed by his father to use his wood ready cut, his servant, his carts, oxen and mules in hauling wood for sale, and appropriate the money thus collected to the amount of $600 to his own use; to this amount was added $1400, the proceeds of jeans woven and sold, eggs and butter sold, the materials and labor used being all the property of the father—there being no evidence of any trust deed or other special circumstance which prevented the marital rights from attaching. These facts are accepted because they are *sworn* to,

and there is no conflicting testimony and the witnesses not impeached, and are, therefore, found to be true.

Four of the witnesses testify that James H. Pool said on several occasions that the judgment confessed by his father was a fraud, and two of them say that he mentioned the debt set up by the plaintiff in this case as *the debt* the judgment was intended to "defeat;" and one of them says that he was requested to say nothing about what had been said to him about it. The testimony of these witnesses, together with the fact that the confession of judgment was made while another suit was pending, and the creditor kept at bay by litigation, (which was not renewed on the second suit,) lead me to accept it as a fact that the confession of judgment was made for *the purpose of defeating* the *bona fide* creditors of John P. Pool.

The testimony of Mr. Wells does not go any further than to show that Esli W. Hudson had anything more than a suspicion that there was something wrong about the judgment of John P. Pool to James H. Pool.

There is no evidence that he had any notice of *facts* which go to make up a case of fraud. *Shannon* v. *White,* 6 *Rich. Eq.* 101.

It is held that there is no sufficient evidence of such notice to sustain the plea of the statute of limitations.

That even admitting that the note was based on a sufficient consideration to make it a valid debt, so far as the rights of other creditors are concerned, the *intent* to use even such a debt to *defeat* other creditors, makes the confession of judgment fraudulent and void as to them. *Hipp* v. *Sawyer, Rich. Eq.* 417; *Richardson* v. *Rhodus,* 14 *Rich.* 100.

The allegation of insolvency in the sixth clause of the complaint, and the failure to deny it in the answer, make it sufficient to establish the insolvency of John P. Pool, and that the individual and security debts stand, so far as this case is concerned, on the same footing.

It is therefore ordered and adjudged that the tract of land mentioned in the complaint be sold by the master, &c.

Defendants appealed.

*Messrs. J. P. Moore* and *Earle & Wells,* for appellant.

*Messrs. Perry & Perry* and *Whitner & Symmes,* contra.

April 20th, 1880.   The opinion of the court was delivered by

McGOWAN, A. J.   This action was brought by the plaintiff as administrator *de bonis non* of Amelia Hudson, deceased, a junior judgment creditor of the defendant John P. Pool, to set aside as fraudulent and void as to creditors a judgment confessed by the said defendant to his co-defendants and son, James H. Pool.

The complaint alleges want of consideration in the note on which the judgment was confessed—charges that the judgment was confessed for the purpose of hindering, delaying or defeating the other creditors of the defendant John P. Pool, and alleges want of notice or knowledge of the fraud until within six years before the commencement of this action.

The defendants' answer denies the fraud, alleges the *bona fides* of both the note and the confessed judgment, and pleads the statute of limitations.

The Circuit judge, to whom the cause, after a mistrial upon certain issues of fact referred to a jury, was submitted by consent of parties, found as matters of fact—*first,* that the judgment of John P. Pool to his son James H. Pool, was confessed for the purpose of defeating the *bona fide* creditors of John P. Pool ; and, *second,* that there was no evidence that Esli W. Hudson, plaintiff's predecessor as administrator, had any notice of *facts* which go to make up a case of fraud, but that he had *a suspicion* that something was wrong about the judgment; and upon these findings of fact he overruled the plea of the statute of limitations and set aside the judgment as to the *bona fide* creditors of John P. Pool.

The defendants appeal to this court upon the following grounds:

" 1. It is respectfully submitted that his Honor erred in finding, as matter of law, that plaintiff's action was not barred by the statute of limitations.

" 2. That his Honor erred in finding, as matter of law, that

the confession of judgment from John P. Pool to James H. Pool was fraudulent as against the creditors of the said John P. Pool.

" 3. That his Honor erred in his conclusions of the law, the same not being warranted by the facts as found by him."

There is no exception to the findings of fact, and, therefore, they must be taken to be true. The only question submitted is, whether there is error of law in the Circuit decree, as to which it is insisted—

*First.* That the plea of the statute of limitations should have been sustained upon the proof that Esli W. Hudson, first administrator, " had no notice of facts which go to make up a fraud, but nothing more than *a suspicion* that there was something wrong about the judgment of John P. Pool to James H. Pool."

The code of procedure (*Gen. Stat.* 591, § 114,) provides as follows : " An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the Court of Chancery, the cause of action in such cases not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

The terms of this provision would seem to exclude the idea that the proof in this case was sufficient to put into operation the statute of limitations against the first administrator, Esli W. Hudson, who " had *no notice of facts* which go to make up a fraud." Although frauds are generally committed in the dark, we have no doubt that in most cases of fraudulent confessions of judgment third persons have their *suspicions,* but to hold that such suspicions alone amount to a discovery of the fraud, would be to give aid in protecting such frauds ; and to exclude that very result seems to have been the purpose in using the terms of the code " until the discovery of the facts constituting the fraud."

This provision of the code is but the embodiment of an equitable principle which has long been recognized in the state. It has been placed upon the ground " that it would be against conscience for a party to avail himself of the statute where, by his own fraud, he has prevented the other party from knowing or asserting his rights within the period prescribed by the statute." This principle is so well settled that it is not necessary to do more than make a general reference to some of the decided cases.

*Hudnal* v. *Teasdall*, 1 *McC.* 228; *Prescott* v. *Hubbell*, 1 *Hill's Ch.* 214; *Shannon* v. *White*, 6 *Rich. Eq.* 101; *Parham* v. *McCravy*, 6 *Rich. Eq.* 145; *McClure* v. *Ashby*, 7 *Rich. Eq.* 444.

We are satisfied with the statement of the doctrine made by Chancellor Dargan in the case of Shannon *v.* White: "The ground upon which the court of equity applies the statute of limitations is the *laches* of the plaintiff, but how can *laches* be imputed to him who is ignorant of the fraud? * * * On the trial it was incumbent upon the defendants to prove that the plaintiff had notice of the fraud more than four years prior to the filing of the bill. And here it is to be remarked that it would not be sufficient to prove that the plaintiff had a suspicion of the fraud. But it is necessary to bring home to him a knowledge of the facts constituting the fraud. Suppose some one were to tell him that a fraud had been committed? It would not be sufficient unless he were informed of the facts constituting the fraud, or put in possession of a clue by which, with proper diligence, he might come to a knowledge of the facts."

As to the second exception, we see no error in the decree. It is admitted that the judgment was confessed by the father to the son with intent to defeat, delay and hinder other creditors, but it is insisted that it was *not fraudulent,* because it was based upon what purported to be a valuable consideration. Upon the question of fact, whether a judgment or conveyance was made to defeat and hinder other creditors, many nice distinctions are made as to what is and what is not a badge, and what is and what is not conclusive, of such purpose. But when *such intention* is proved or admitted, we agree with the Circuit judge, that " even admitting the note was based on a sufficient consideration, *the intent* to use it *to defeat other creditors* makes the confession of judgment fraudulent and void as to them." 13 *Eliz.; Gen. Stat.* 425; *Hipp* v. *Sawyer, Rich. Eq. Cas.* 417; *Smith* v. *Henry*, 1 *Hill* 16; *Thomas & Ashby* v. *Jeter & Abney*, 1 *Hill.* 380; *Lowry* v. *Pinson*, 2 *Bail.* 324; *Brown* v. *McDonald*, 1 *Hill's Ch.* 297; *Smith* v. *Culbertson*, 9 *Rich.* 106; *Guignard* v. *Harley*, 10 *Rich. Eq.* 256.

The Circuit decree is affirmed and the appeal dismissed.

WILLARD, C. J., and McIVER, A. J., concurred.